H. G. DARCY ET AL. *v.* G. A. SPIVEY, ASSIGNEE.

1. ATTACHMENT. *Bankruptcy of defendant. Assignee's rights.*
   The assignee of a bankrupt, who has become a party to an attachment sued out against the latter before his adjudication, can, if a plea in abatement of the writ is sustained, recover damages on the bond in right of the bankrupt, under Code 1871, ch. 13, art. 10.
2. SAME. *Bond. Damages. Verdict. Remittitur.*
   If the damages awarded by the jury against the plaintiff in attachment are excessive, the assignee can remove the objection by entering a *remittitur.*
3. INSTRUCTIONS. *Supreme Court. Immaterial error.*
   Erroneous charges are no ground for reversal, if more favorable to the plaintiff in error than the law warrants.

ERROR to the Circuit Court of Leflore County.

Hon. W. COTHRAN, Judge.

The plaintiffs in error are the obligors in a bond, which they executed in suing out an attachment against J. R. Bew, on an affidavit that he had fraudulently disposed of his property. Goods were seized and sold by the sheriff as perishable. On the trial of the plea in abatement, filed under Code 1871, ch. 13, art. 10, the court charged that if the defendant had given the plaintiffs reasonable ground to believe the facts stated in the affidavit, the jury should sustain the writ, that they were not to consider in making up their verdict the fact that the defendant had been adjudicated a bankrupt, and that they should award only such damages as the defendant proved he had actually sustained. The jury found that the attachment was wrongfully sued out, and awarded excessive damages, but the defendant's assignee in bankruptcy, who had previously become a party to the suit, remitted the recovery down to the actual difference between the value of the goods seized and the price realized for them at the sheriff's sale.

*Outlaw & Coleman,* for the plaintiffs in error.

The question presented on the plea in abatement is not whether the facts stated in the affidavit are true or false, but whether the attachment was wrongfully sued out. *Cocke v. Kuykendall,* 41 Miss. 65. When the affidavit is based upon

facts fully justifying it, and learned from the defendant, he is estopped thereby to deny that the attachment was properly sued out.  *Morgan* v. *Nunes*, 54 Miss. 308.  The instructions which announce the contrary are erroneous.  The fact that Bew was in bankruptcy was a material matter for the consideration of the jury in forming their verdict.  The damages assessed by the jury were excessive, and the amount allowed after the *remittitur* was also excessive.  Where it is conceded that there was no malice or intention to oppress on the plaintiffs' part, the damages, if any, should be limited to those actually sustained.  *Myers* v. *Farrell*, 47 Miss. 281.  Speculative profits on goods attached cannot be allowed.

*D. A. Outlaw*, on the same side, made an oral argument.

*T. C. Catchings*, on the same side, argued orally, and in writing, the propositions that the assignee in bankruptcy could not recover on the attachment bond, and that the damages were excessive ; but the reporter has been unable to obtain his brief.

*Helm & Kimbrough*, for the defendant in error.

The verdict is warranted by the evidence, and the damages are not excessive.  The instructions, which announce that if the defendant gave the plaintiffs ground to believe the truth of their affidavit the writ should be sustained, are all the plaintiffs could legally ask.  The verdict, after the *remittitur*, embraces nothing but the actual loss on the goods sold by the sheriff.  It is the exclusive province of the jury to determine in cases of wrongful attachment the *quantum* of the damages ; and the court will not substitute its judgment for theirs, except when constrained by a grossly disproportionate allowance in the verdict.  Bankruptcy, followed by the assignment, vests all the bankrupt's estate in the assignee, and an attachment bond has no characteristic which makes it an exception to the general rule.

GEORGE, C. J., delivered the opinion of the court.

After the attachment was sued out, and a plea in abatement filed, contesting the ground upon which the attachment was based, the defendant was declared a bankrupt ; and his assignee, Spivey, appeared and caused the suit to be revived in his name.

The principal question for our consideration is as to the right of the assignee to recover damages on account of the right which existed in the bankrupt. The bankrupt's right to damages resulted from the attachment-bond in which he was obligee, and which was his property. This was a contract, and the damages recoverable under it are such only as arise from a breach of the contract. The bond covered all the damages which the obligee, now bankrupt, might sustain, and which he had a right to recover under the statute. An action on the bond is an action *ex contractu*, and not in any sense *ex delicto*. The damages defined in the statute are sustained by a breach of the contract. The fact that, without the statute and the bond, some of the damages mentioned in the former would be recoverable in an action *ex delicto*, can make no difference, since by the statute and the bond they are *ex contractu* rights. That the act which is a legal breach of the contract in the bond, is a tort, is equally without force, for the damages are due by contract; the proof of the tort is but proof of a breach of the contract. The attachment bond was the property of the bankrupt, and went to the assignee under the Bankrupt Act, which vests in the latter " all the estate, real and personal, of the bankrupt, with all his deeds, books and papers relating thereto." The statute vested all the rights of the bankrupt in this bond in the assignee. If we hold that he can recover on it less than the bankrupt could, we deny him a right in the bond which the bankrupt had.

In placing the right of the assignee to recover in this case upon the ground of contract, we are not to be understood as holding that he may not recover for torts committed against the bankrupt. As to that we express no opinion, though there are several cases in which the right of the assignee to recover for torts has been held to pass to his assignee. *Comegys* v. *Vasse*, 1 Peters, 193; *Phelps* v. *McDonald*, 2 MacArthur, 375; *Williamson* v. *Colcord*, 13 B. R. 319.

There are errors in the charges to the jury; but they are even more favorable to the plaintiffs than the law warrants. *Roach* v. *Brannon*, ante, 490. No error is found in the record for which the judgment should be reversed. The objection

that the verdict was excessive is removed by the *remittitur,* and the plaintiffs in error cannot complain of the erroneous instructions, because they did them no injury.

*Judgment affirmed.*